CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

Samuel J. St. Romain, State Bar No. 295884
ST. ROMAIN LAW
PO Box 41061
Long Beach, California 90803
Telephone: (562) 444-5291
Facsimile: (562) 683-2174
kyle@stromainlaw.com

Attorney for Defendants
Lexlux Associates, LP And
Alamitos Associates Management, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**,<br><br>        Plaintiff,<br><br>v.<br><br>**Lexlux Associates, LP**, a California Limited Partnership; **Alamitos Associates Management, LLC**, a California Limited Liability Company; **Chicken Chick Corp.**, a California Corporation; and Does 1-10,<br><br>        Defendants | Case No. 2:16-cv-07862-BRO-FFM<br><br>**Joint Rule 26(f) Report**<br><br>Date:  July 17, 2017<br>Time:  1:30 p.m.<br>Crtrm  7C<br><br>Honorable Judge Beverly Reid O'Connell |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Order Setting Scheduling Conference filed April 19, 2017, Plaintiff Chris Langer and Defendants Lexlux Associates, LP, and Alamitos Associates Management, LLC hereby submit the following Joint Report. Default has been entered against Defendant Chicken Chick Corp. on May 26, 2017. Defendant Chicken Chick Corp. was not involved in the preparation of this Report.

a) **Statement of the Case**

This is case under the Americans with Disabilities Act. Plaintiff, Chris Langer, alleges noncompliance with parking spaces, and an inaccessible transaction counter and mirror within the Chicken Chick Corp. restaurant. Defendants have denied those claims and have asserted various affirmative defenses.

b) **Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

This court has supplemental jurisdiction over the claims brought under the Unruh Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

//

c)   **Legal Issues**

The principal legal issues are: (1) whether the defendants are responsible under the law to remove barriers; (2) whether the plaintiff has standing to seek either damages or injunctive relief; (3) whether the barriers are readily achievable to remove; and (4) the nature and extent of damages, if any.

d)   **Parties, Evidence etc.**

<u>Plaintiff</u>: Other than the plaintiff himself, the only "witness" would be Evens Louis, investigator for plaintiff's counsel who took photographs of the subject property following complaint from the plaintiff and as part of the prefiling process. The only documents that the plaintiff has would be photographs taken by Evens Louis.

<u>Defendants</u>: Defendants may retain a Certified Access Specialist to assist in its defense.

e)   **Damages**

<u>Plaintiff:</u> claims injunctive relief, attorney fees and damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

<u>Defendants</u>: claim that Plaintiff has suffered no damages.

f)   **Insurance**

None.

//
//

**g)   Motions**

Plaintiff: does not believe it likely that he will seek to add other parties or seek transfer of venue. Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

Defendants: Defendants anticipate voluntarily remedying the federal law accessibility complaints Defendant has and that exist, if any. Should Plaintiff's federal law cause of action become moot by stipulation, motion or otherwise, Defendants will then seek to remand this action to state court. Possible summary judgment may be brought as to the Alamitos Associates defendant, on the basis that it is not an owner of the property(ies) at issue herein.

**h)   Complexity**

The parties agree that this case is not complex. There is no need for reference to the procedures set forth in the Manual for Complex Litigation.

**i)   Status of Discovery**

Plaintiff: intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

Defendants: intend to propound written discovery and possibly depose Defendant.

**j)**   **Discovery Plan**

1. Disclosures

The Parties do not seek any changes to the form or requirements for initial disclosures. The Parties consent to exchange initial disclosures via email by June 27, 2017.

2. Discovery Subjects

Plaintiff intends to seek discovery related to: (1) the ownership and operation of the business; (2) lack of accessible parking space, accessible transaction counter and accessible restroom mirror at the Restaurant; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities.

Defendants: intend to seek discovery related to issues of both liability and damages. There are no particular issues upon which discovery should be limited to or focused.

The parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means. The parties propose a discovery cut-off date of June 26, 2018.

3. Changes in Limitations on Discovery

Plaintiff: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for both parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

Defendants: Defendants request no deviation from the Federal and Local Rules at all.

k)   **Discovery cut-off**

The Parties propose a final discovery completion date for non-expert discovery of June 5, 2018. Plaintiff proposes that experts be designated per FRCP Rule 26 (a)(2) by June 12, 2018, and expert witness depositions be completed by June 26, 2018.

l)   **Expert Discovery**

The Parties propose Initial disclosure of Expert Witnesses date of May 15, 2018, and a Rebuttal Disclosure of Expert Witnesses and Report of June 12, 2018. The date for Expert discovery cut-off is proposed to be June 26, 2018.

m)   **Dispositive Motions**

Plaintiff: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

Defendants: anticipate filing a motion to dismiss and/or remand, and a motion for summary judgment as to the Alamitos Associates defendant. These motions will happen upon the completion of initial discovery and upon any voluntary remediation of any alleged barriers, if any.

n)   **Settlement/Alternative Dispute Resolution (ADR)**

Plaintiff believes that settlement is likely in this case. Plaintiff believes that L.R. 16-15.4, Settlement Procedure Number 2—settlement

proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

Defendant believes that there may be substantial barriers to settlement, and will be better able to make a position as to settlement upon the completion of initial discovery. The initial mediation session was unsuccessful.

**o)    Trial Estimate**

Plaintiff: has requested a court trial and anticipates a 2-3 day trial.

Defendants: have requested trial by jury, and anticipate a 3-5 day trial.

**p)    Trial Counsel**

Trial counsel for the Plaintiff is Raymond Ballister, Jr.
Trial counsel for Defendant is Samuel J. St. Romain.

**q)    Independent Expert or Master**

This is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**r)    Timetable**

Appended as Exhibit A.

**s)    Other Issues**

There are no other issues affecting the status or management of the case and the parties have no proposals concerning severance, bifurcation or other ordering of proof.

7

Joint Report of Counsel                                              2:16-cv-07862-BRO-FFM

Dated: June 27, 2017    CENTER FOR DISABILITY ACCESS


By: */s/Dennis Price*
Dennis Price
Attorneys for Plaintiff


Dated: June 27, 2017    ST. ROMAIN LAW


By: */s/Samuel J. St. Romain*
Samuel J. St. Romain
Attorney for Defendants
Lexlux Associates, LP and Alamitos Associates Management, LLC

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: June 27, 2017                    CENTER FOR DISABILITY ACCESS

                                        By: */s/Dennis Price*
                                        Dennis Price
                                        Attorneys for Plaintiff

## Exhibit A

| Matter | Weeks before trial | Plaintiff(s) (Request) | Defendant's (Request) | Court Order |
|---|---|---|---|---|
| Trial (jury) (court) Estimated length: __ hrs | 8.30 am Tues | Court 2-3 days 9/4/2018 | Jury 3-5 days 9/4/2018 | |
| [Jury] Hearing on Disputed Jury Instructions | -1 | -- | August 28, 2018 | |
| [Court trial] File Findings of Fact and Conclusions of Law | -1 | 8/28/2018 | -- | |
| File Joint Deposition Designation Submission and lodge pertinent depo transcript | 13 days Wed | 8/22/2018 | 8/22/2018 | |
| [Jury/Court trial] Hearing on Motions in Limine | -2 | 8/21/2018 | 8/21/2018 | |
| [Jury] Joint jury instructions; disputed jury instructions to be filed and emailed to chambers in Word. | -3 | -- | 8/14/2018 | |
| Pretrial Conference; Proposed Voir Dire Q.s. Lodged; file Agreed-to Statement of Case; File | -4 | 8/14/2018 | 8/7/2018 | |

| | | | |
|---|---|---|---|
| Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc. | | | |
| Motions in Limine to be filed; | -6 | 7/24/2018 | 7/24/2018 |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit & Witness Lists | -6 | 7/24/2018 | 7/24/2018 |
| Last date to file Joint Report regarding ADR Proceeding | -7 | 7/17/2018 | 7/17/2018 |
| Last date to conduct ADR Proceeding | -8 | 7/10/2018 | 7/10/2018 |
| Last day for hearing motions | -9 | 7/3/2018 | 7/3/2018 |
| Discovery cut-off [Note: Expert disclosure no later than 70 days prior to this date.] | -10 | 6/26/2018 | 6/26/2018 |
| Last to Amend Pleadings or Add Parties (90 days from Scheduling Conference) | | 10/16/2017 | 10/16/2017 |